Daniel F. Donovan v. Commissioner.
Donovan v. Commissioner
Docket No. 5438-63.
United States Tax Court
T.C. Memo 1965-247; 1965 Tax Ct. Memo LEXIS 82; 24 T.C.M. (CCH) 1325; T.C.M. (RIA) 65247; September 15, 1965
*82 Held: Petitioner failed to establish by competent evidence that his losses from wagering transactions were equal to or in excess of his gains from such transactions. Section 165(d), I.R.C. 1954. Daniel F. Donovan, pro se, 84 Richmond St., Dorchester, Mass., Raoul E. Paradis, for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent determined a deficiency in the income tax of the petitioner for the taxable year 1961 in the amount of $850.99. The only issue presented is whether petitioner is entitled to a deduction for gambling losses sustained by him in 1961 in the amount of $3,851.95, or in any amount. Findings of Fact The stipulation of facts together with the exhibits attached *83 thereto are incorporated herein by this reference. The petitioner, Daniel F. Donovan, resides in Dorchester, Massachusetts, and filed an individual income tax return for the calendar year 1961 with the district director of internal revenue for the district of Massachusetts. Petitioner studied accounting and bookkeeping in school. During the year 1961 he was employed as a bookkeeper, on a full-time basis by the Merit Oil Company of Cambridge, Massachusetts. He testified he was not engaged in the gambling business as such. Both he and his brother, Albert C. Donovan, were "compulsive gamblers and on numerous occasions during February to July 1961, inclusive, attended horse and dog race meets at Lincoln Downs, Suffolk Downs, Rockingham Park and Wonderland Park. They had an unwritten agreement between themselves that when either of them attended the races he would place a certain number of bets and they would share in the wins and losses. On May 27, 1961, petitioner held a winning ticket on the "twin double" at Suffolk Downs. In accordance with the prior agreement the proceeds received from this winning ticket were shared equally by petitioner, his brother Albert C. Donovan, another *84 brother, and an uncle. Petitioner's share in these winnings amounted to $2,705.55 and was reported on an information return (Form 1099) filed by the Eastern Racing Association, Inc. On June 1, 1961, his brother Albert held a winning ticket on the "twin double" at Suffolk Downs. In accordance with their prior agreement the proceeds on this winning ticket were shared equally by petitioner, Albert, and a sister. Petitioner's share in these winnings amounted to $1,146.40 and was reported on an information return (Form 1099) filed by the Eastern Racing Association, Inc.
Petitioner had other winnings from betting on horse and dog races during the year 1961 which were not shown on his income tax return for that year. Other than the two items mentioned above, he kept no complete or adequate records of either his winnings or losses. During the year 1961, petitioner maintained a ThriftiCheck account with the Middlesex County National Bank in which he made deposits as follows: Apr. 6, 1961 Balance on deposit
$ .23
May 31, 1961 Deposited
2,200.00
June 2, 1961 Deposited
1,100.00
June 30, 1961 Deposited
100.00
Sept. 22, 1961Deposited
171.28
Oct. 6, 1961 Deposited
71.28
Oct. 20, 1961 Deposited
101.28
Nov. 6, 1961 Deposited
25.00
Nov. 24, 1961 Deposited
50.00
*85 Withdrawals aggregating $3,815.66 were made from this account during the year, leaving a balance on deposit as of December 7, 1961, in the amount of $3.41. Of the 51 checks by which such withdrawals were made, 23 checks aggregating $1,440.00 were made payable to "cash" or to petitioner; 8 aggregating $865.00 were payable to members of petitioner's family; 4 aggregating $68.00 were payable to doctors; 3 aggregating $50.78 were payable to gas, electric and telephone companies; 1 for $90 to Richard Cardinal Cushing of the Roman Catholic Church; 1 for $20 to Bentley College; 1 for $5 to the Registry of Motor Vehicles; 1 for $150 to the Middlesex County National Bank - stamped "Savings Teller;" 2 in the amount of $52.30 each to the Minot Cooperative Bank; 1 for $34.54 to the Sherwin Williams Co.; 1 for $110.75 to Public Finance Co. unidentified. Bank charges amounted to $9. Opinion The only question presented for our determination is whether petitioner is entitled to a deduction for gambling losses sustained by him in 1961 in the amount of $3,851.95 or in any amount. On his income tax return for 1961 petitioner reported as gambling winnings his share of the proceeds from winning *86 tickets held on two "twin doubles" in May and June 1961, in the aggregate amount of $3,851.95. As an offset against these winnings petitioner claimed a deduction for gambling losses to the extent of such winnings. Respondent disallowed the deduction claimed for want of substantiation. Section 165(d) of the Internal Revenue Code of 1954 provides that "Losses from wagering transactions shall be allowed only to the extent of the gains from such transactions." Under § 1.165-10 of the Income Tax Regulations, such losses are limited to the extent of the gains during the taxable year from such transactions. The burden is on the petitioner to establish by competent evidence that his gambling losses equaled or exceeded his gambling gains during the taxable year. This he has not done. Petitioner kept no adequate records of either his winnings or losses. His reported winnings are a matter of record only by reason of the information returns (Form 1099) filed by the racing association. Petitioner and his brother, Albert, each attended horse and dog race meets on numerous occasions during February and July 1961, inclusive. They had an oral *87 agreement that when either of them attended the races he would place certain bets and they would share in the wins and losses. Petitioner testified he had other winnings besides the two "twin doubles," the amounts of which were not reported on his income tax return. In the absence of adequate records of either his wins or losses, we are unable to say that such other winnings were not equal to or in excess of his losses. Petitioner's principal argument is based on the supposition that because of his frequent attendance at the races and the steady decline of his bank account in which he had deposited his earlier winnings, he must have lost more than he won. His right to the deduction claimed cannot be made to rest upon such a supposition. Moreover, as the names of the payers shown on many of the checks indicate, and as he admitted, a considerable portion of the bank withdrawals was made for the payment of personal living, household and other expenses. He was unable to point to a single check the proceeds of which were used for gambling purposes. Petitioner's proof falls far short of sustaining his burden with respect to the claimed deduction. Cf. Hixon v. Commissioner, 253 F. 2d 459 *88 (C.A. 2, 1958), affirming a Memorandum Opinion of this Court. Decision will be entered for the respondent.